UNITED STATES DISTRICT COURT
DISTRICT OF ILLINOIS
EASTERN DIVISION

DISABLED PATRIOTS OF AMERICA, INC.,
a Florida Not-For-Profit Corporation, and
BONNIE KRAMER, Individually,                    CASE NO. 08-CV-14-HDL-MIM

          Plaintiffs,                              Judge Harry D. Lienenweber
vs.                                             Magistrate Judge Michael I. Mason

OAKBROOK SHOPPING CENTER, L.L.C., a
Delaware Limited Liability Company,

          Defendant.
_____/

## I  PLAINTIFFS' MOTION FOR DEFAULT

COME NOW Plaintiffs Disabled Patriots of America, Inc. and Bonnie Kramer, by and through undersigned counsel, and pursuant to Rule 55 of the Federal Rules of Civil Procedure, hereby request that the Court enter default against Defendant, Oakbrook Shopping Center, LLC, and state as follows:

1. Plaintiffs commenced this action on January 2, 2008, seeking injunctive relief pursuant to the Americans With Disabilities Act, 42 U.S.C. Sections 12181, et seq, ("ADA") for the removal of barriers at Defendant's place of public accommodation which discriminate against them on the basis of their disability.

2. Pursuant to discussions between respective counsel, the parties initially agreed that Plaintiffs and their expert would conduct a R. 34 inspection of the premises and submit a proposed settlement plan. The parties further agreed that Defendant could hold the filing of its Answer in abeyance until a reasonable time after the settlement proposal had been tendered.

3. After conducting the R. 34 inspection, Plaintiffs provided Defendant with the expert report detailing the violations at Defendant's facility and also tendered a proposed settlement agreement. These materials were submitted on March 17, 2008.

4. To date, Defendant has not responded to the proposed settlement. Moreover, Defendant has not yet filed its Answer.

5. Defendant has had approximately seven weeks to review the proposed settlement. Plaintiffs submit that a reasonable time has passed and no further delays are warranted.

6. In light of the above, Plaintiffs request that default be entered by the Court, rather than the Clerk. Moreover, in the event that Defendant files its Answer within five days of the instant motion, Plaintiffs submit that such filing shall render this Default motion moot.

WHEREFORE, Plaintiffs respectfully request that this Court enter default against Defendant in the event that Defendant fails to file an Answer within five days.

## MEMORANDUM

Fed. R. Civ. Pro. 55(a) states that default may be entered against a party which has failed to file an Answer or responsive pleading.

## *CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via the Court's CM/ECF system on this 9th day of May, 2008, to:

Ed Shapiro
Much Shelist Denenberg Ament and Rubenstein, P.C.
191 North Wacker Drive, Suite 1800
Chicago, IL 60606
eshapiro@muchshelist.com

                                         LAW OFFICE OF JEROME G. SILBERT
                                         10 S. Riverside Plaza, Suite 1020
                                         Chicago, IL 60606
                                         Tel.: (312) 207-0181; Fax (312) 207-1332
                                         and
                                         FULLER, FULLER & ASSOCIATES, P.A.
                                         12000 Biscayne Blvd., Suite 609
                                         North Miami FL 33181
                                         Tel.305-891-5199; Fax 305-893-9505
                                         Tbb@fullerfuller.com

                                     By:   /s/ Thomas B. Bacon
                                                Thomas B. Bacon

*3897-IL/Motion for default (tbb 5.9.08).wpd*