IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Disabled Patriots of America, Inc., a Florida not for profit corporation and Bonnie Kramer, Individually, | ) ) ) ) | |
| Plaintiffs, | ) ) | 08 C 14 |
| vs. | ) ) | Judge Leinenweber |
| Oakbrook Shopping Center, LLC, a Delaware Limited Liability Company, | ) ) ) ) | Magistrate Judge Mason |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant Oakbrook Shopping Center, LLC, by its attorneys, answers as follows to Plaintiffs' complaint:

1. Plaintiff, DISABLED PATRIOTS OF AMERICA, INC., is a non-profit corporation formed under the laws of the State of Florida. DISABLED PATRIOTS OF AMERICA, INC. maintains its principal office at 702 North E. Street, Lake Worth, FL 33460, in the County of Palm Beach.

**ANSWER:** Defendant is without sufficient knowledge or information to admit or deny paragraph 1. Further answering, on information and belief, Disabled Patriots of America, Inc. has no assets, does not conduct any legitimate business, and has no interest or standing in this case.

2. Defendant's property, Oakbrook Center Mall, is located at 100 Oakbrook Center, Oakbrook, IL 60523-1838, in the County of Cook.

**ANSWER:** Defendant admits paragraph 2.

3. Venue is properly located in the Northern District of Illinois because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

**ANSWER:** Defendant admits the allegations of paragraph 3, but denies that Plaintiffs have standing to bring this action.

4. Pursuant to 28 U.S.C. § 1,331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

**ANSWER:** Defendant admits the allegations of paragraph 4, but denies that it has committed the "violations" referenced in this paragraph.

5. Plaintiff Bonnie Kramer is an Ohio resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Bonnie Kramer has visited the property which forms the basis of this lawsuit and plans to return to the property to avail herself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered her safety. The Plaintiff is also a member of the plaintiff' organization, DISABLED PATRIOTS OF AMERICA, INC., discussed below in paragraph 6.

**ANSWER:** Defendant is without sufficient knowledge or information to admit or deny paragraph 5. Further answering, Defendant denies that Kramer has standing to bring this action.

6. Plaintiff DISABLED PATRIOTS OF AMERICA, INC., is a nonprofit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members axe not discriminated against because of their disabilities. DISABLED PATRIOTS OF AMERICA, INC, and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. DISABLED PATRIOTS OF AMERICA, INC. has also been discriminated against because of its association with its disabled. members and their claims.

**ANSWER:** Defendant is without sufficient knowledge or information to admit or deny paragraph 6. Further answering, Defendant denies that Disabled Patriots of America, Inc. has standing to bring this action.

7.      Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 3.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Oakbrook Center Mall, and is located at 100 Oakbrook Center, Oak Brook, IL 60523-1838.

**ANSWER:**   Defendant admits paragraph 7.

8.      DISABLED PATRIOTS OF AMERICA, 1NC. and Bonnie Kramer have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this Complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. Bonnie Kramer desires to visit Oakbrook Center Mall not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

**ANSWER:**   Defendant denies the first two sentences of paragraph 8. Defendant is without sufficient knowledge or information to admit or deny third sentence of paragraph 8.

9.      The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

**ANSWER:**   Defendant denies paragraph 9.

10.     The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia , have accessible facilities by January 26, 1992 (or January 26,1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Oakbrook Center Mall has shown that violations exist. These violations include, but are not limited to:

**Parking**

A.   Where posted, signage at some of the designated accessible parking spaces are not mounted at sufficient heights in violation of section 4.6.4 of the ADAAG whose resolution is readily achievable.

B.   The disabled use parking spaces and/or unloading areas are located on a slope or cross slope in violation of Section 4.6,3 and 4.6.6 of the ADAAG whose resolution is readily achievable.

3

### Entrance Access and Path of Travel

A. There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG whose resolution is readily achievable.

B. There are curb ramps at the facility that project into vehicular areas and/or contain excessive slopes, side slopes or cross slopes in violation of Sections 4.7.2, 4.7.5, 4.7.6, and 4.7.9 of the ADAAG whose resolution is readily achievable.

C. There are ramps at the facility that do not have level landings and/or contain excessive slopes or cross slopes in violation of Section 4.8,2, 4.8.4 and 4.8.6 of the ADAAG whose resolution is readily achievable.

D. There are no proper handrails provided for the ramps to the facility, in violation of Section 4.8.5 of the ADAAG whose resolution is readily achievable.

E. There are stairs provided at the facility that do riot comply with the standards prescribed in Section 4.9 of the ADAAG whose resolution is readily achievable.

F. A level landing is not provided at the accessible entrance and/or there are rises at the thresholds of the entrances at the facility are in excess of ½ of an inch, violating Sections 4.13.6, 4,5.2 and 4.1.8 of the ADAAG whose resolution is readily achievable.

G. The clear width and/or maneuvering clearances at doors to the facility are less than the prescribed minimums, in violation of Sections 4.13.5 and 4.13.6 of the ADAAG whose resolution is readily achievable.

H. There axe interior doors of the building that exceed the maximum force of 5 lb to open in violation of Section 4.13.11 of the ADAAG whose resolution is readily achievable.

### Access to Goods and Services

A. There are counters throughout the facility in excess of 36", in violation of Section 7.2(I) of the ADAAG whose resolution is readily achievable.

B. There is fixed or built in seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG whose resolution is readily achievable.

C. There are protruding objects present throughout the facility, in, violation of Section 4.4 of ADAAG whose resolution is readily achievable.

**Restrooms**

A. The clear floor space provided in the restroom violates the provisions of Sections 4.2.1, 4.18.3 and 4,22 of the ADAAG whose resolution is ready achievable.

B. The water closets that are provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG whose resolution is readily achievable.

C. The grab-bars in the restrooms do not comply with the requirements prescribed in Sections 4.15.4 and 4.26 of the ADAAG whose resolution is readily achievable.

D. There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG whose resolution is readily achievable.

E. There are urinals provided far public use that do not comply with the standards set forth in Section 4,18 of the ADAAG whose resolution is readily achievable.

F. There are exposed pipes in restrooms at the facility, violating of Section 4.19.4 of the ADAAG whose resolution is readily achievable.

G. The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG whose resolution is readily achievable.

**ANSWER:** Defendant denies paragraph 10.

11. The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the AIWA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

**ANSWER:** Defendant denies paragraph 11.

12. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility

in violation of 42 U.S.C, § 12181 et. seq. and 28 CFR 36.302 et. seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

  **ANSWER:**  Defendant denies paragraph 12.

  13. Plaintiffs are without adequate remedy at law and are suffering irreparable harm, Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 arid 28 CFR 36.505.

  **ANSWER:**  Defendant denies paragraph 13.

  14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if tire Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26,1393, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

  **ANSWER:**  Paragraph 14 states a legal conclusions to which no response is required.

  15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26,1992 (or January 26,1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

  **ANSWER:**  Defendant denies paragraph 15.

  16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief including an order to require the Defendant to alter Oakbrook Center Mall to make those facilities readily accessible and useable to the plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such tame as the Defendant cures its violations of the ADA.

  **ANSWER:**  Defendant admits that this court has such authority, but denies that

Plaintiffs are entitled to any relief whatsoever in this action.

## **DEFENDANT'S AFFIRMATIVE DEFENSES**

1. Plaintiffs have failed to state a claim upon which relief can be based.

2. Plaintiffs have no standing to bring this action.

3. To the extent that any of the alleged, but vaguely described "barriers," actually exist, removal of such barriers is not readily achievable, and/or is structurally impracticable, and/or is not technically feasible, and/or would create an undue burden.

4. Plaintiffs are not entitled to recover on their claims because Defendant has substantially complied with its legal obligations and with applicable legal requirements.

5. Plaintiffs' claims are barred, in whole or part, by the applicable statutes of limitations.

6. To the extent that the premises at issue do not fully comply with the ADA, the premises are nonetheless usable by individuals with disabilities, and, when taken as a whole, the premises are compliant with the ADA.

7. Plaintiff's claims are barred because they did not provide Defendant with notice and/or opportunity to cure.

8. Plaintiffs' claims are barred because Defendant at all time acted reasonably and in good faith.

9. Plaintiffs' allegations are barred, in whole or part, because the vaguely requested accommodations set forth in the Complaint would result in the fundamental alteration of the goods or services provided at Defendant's premises.

           **Oakbrook Shopping Center, LLC**
           **Defendant**

           **By:** /s/Edward D. Shapiro
               **One of Its Attorneys**

Edward D. Shapiro
Scott R. Fradin
**Much Shelist Denenberg**
  **Ament & Rubenstein PC**
191 North Wacker Drive
Suite 1800
Chicago, Illinois 60601
312-521-2000

## CERTIFICATE OF SERVICE

Edward D. Shapiro, an attorney, certifies that he caused **Defendant's Answer to Plaintiffs' Complaint** to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following recipients on this 23rd day of July, 2008:

Thomas Bacon
Fuller, Fuller & Associates, P.A.
12000 Biscayne Boulevard, Suite 609
North Miami, Florida 33181

**/s/ Edward D. Shapiro**